## UNITED STATES ex rel. GOODMAN v. ROBERTS, Commanding Officer, U. S. Armed Forces Induction Center.

### No. 157.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1946.

Meyer Kreeger, of New York City, for appellant.

John F. X. McGohey, U. S. Atty., of New York City (K. Bertram Friedman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by the relator, David Goodman, from dismissal of a writ of habeas corpus which was sued out for the purpose of testing the legality of the induction into the United States Army of the relator's son, Eugene Goodman. The claim of illegality was based upon allegations that the son was a rabbinical student in a bona fide Theological Seminary and consequently was entitled to 4D classification under

the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, §§ 301 et seq. But the merits of this claim were not considered by the District Court and are not presented by this appeal. The litigated issues were whether the writ was validly served on Major Roberts, to whom it was directed, and whether the inductee was in the Major's custody. On the ground that he was not in the Major's custody the writ was dismissed.

■ On April 30, 1945, at about 5:15 p. m. Eugene Goodman was inducted into the United States Army at the Induction Center, 480 Lexington Avenue, New York City, and was ordered to report at 6 o'clock of the same day at the Pennsylvania Station for transportation to Fort Dix, N. J. He immediately telephoned his father's attorney and a writ of habeas corpus already prepared by a district judge at about 5:40 p. m. It was directed to Major Roberts, commanding officer of the Induction Center, and charged him with the unlawful detention of the inductee. When the attorney, accompanied by the inductee, arrived at the Induction Center shortly after 6 p. m. to serve the writ, Major Roberts was not there, and they left the writ with the corporal of the guard. The Major testified that he never received or saw the writ. During the first three days of May a deputy United States marshal made several attempts to serve a duplicate of the writ but never succeeded in reaching Major Roberts, who was informed that a Mr. Swartz wished to see him but was not told that he was a deputy marshal. The writ was returnable on May 4th. It is clear that prior to that time there had been no valid service of the writ. On the return day an assistant United States attorney made application on behalf of the respondent for an extension of time to file the respondent's return, and stated that the writ had not been served and that custody of the inductee, would be disputed. The court granted an extension until May 7, on which date the return was filed and the hearing had. The appellant contends that this application for extension constituted a general appearance and a submission of the respondent to the jurisdiction of the court. Arguendo, we may assume this to be true, but it will not aid the appellant on the issue of custody. A general appearance on May 4 would have only the same effect as actual service at that time, and by that date the inductee was beyond the jurisdiction of the court and no longer subject to Major Roberts' orders, as the facts about to be stated clearly show.

■ After leaving the Induction Center on the evening of April 30th the inductee went to his home for the night and thereafter resumed his studies at the Theological Seminary. On May 3rd he was arrested by military police for having failed to proceed to Fort Dix pursuant to orders and was transported there by the police detail. The following morning he was sent with his regular contingent from Fort Dix to Camp Wheeler, Ga. We may assume arguendo that the inductee was in the custody of Major Roberts so long as he remained within the Second Service Command. See United States ex rel. Altieri v. Flint, D.C., 54 F.Supp. 889, affirmed 2 Cir., 142 F.2d 62; cf. Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277. But plainly after he was sent to Camp Wheeler, he was no longer subject to the Major's orders. A writ of habeas corpus must be directed to some person who has the power to produce before the court the body of the party detained. Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L. Ed. 277. The Major's testimony on May 7th that he was unable to produce the inductee was obviously correct. Accordingly the writ was properly dismissed. See United States ex rel. Lynn v. Downer, 322 U.S. 756, 64 S.Ct. 1263, 88 L.Ed. 1585; Zimmerman v. Walker, 319 U.S. 744, 63 S. Ct. 1027, 87 L.Ed. 1700.

The appellant suggests that the military authorities have flouted the authority of the court by evading service of the writ until the inductee could be removed from the jurisdiction, but Major Roberts categorically denied that he evaded service and no testimony was introduced which would compel the trial judge to disbelieve him. What action the court should have taken had a conspiracy to evade service and spirit away the inductee been proved, we need not consider.

Order affirmed.

FRANK, Circuit Judge, took no part in the consideration or decision of this case.