Martin W. McDOWELL, Petitioner,

v.

SACRAMENTO LOCAL BOARD GROUP, BOARDS 21, 22 AND 23, SELECTIVE SERVICE SYSTEM, Respondent.

Civ. No. 9771.

United States District Court E. D. California.

Feb. 21, 1967.

James J. Simonelli, Asst. U. S. Atty., Sacramento, Cal., for the United States.

Richard M. Grossberg, Sacramento, Cal., petitioner.

## MEMORANDUM AND ORDER

MacBRIDE, District Judge.

Petitioner here is seeking a writ of habeas corpus, alleging that the actions of his local selective service board and state appeal board in denying his claim for exemption were arbitrary, capricious, and a denial of due process of law. After consideration of the petition, this court issued an Order to Show Cause directing respondent to demonstrate, if possible, why the writ should not issue.

From the respective briefs of the parties, two issues emerge for consideration: (1) Assuming the writ of habeas corpus is a proper remedy here, does this court have jurisdiction to entertain the petition? (2) Is habeas corpus available under the circumstances presented?

### I

The jurisdictional issue stems from the particular factual setting of the case. Petitioner is attempting to challenge the classification given to him by Local Board No. 2 in Bisbee, Arizona, and the unanimous affirmance of that classification by the Arizona Board of Appeal.[1]

---

1. If the appeal board unanimously rejects a registrant's deferment or exemption request, the registrant can obtain no further relief within the Selective Service System unless an appeal on behalf of the registrant is taken by the state director to the President on the ground that it is in the national interest or necessary to prevent injustice. See 32 C.F.R. §§ 1627.3, 1627.1(a).

After receiving an Order to Report for Induction from Local Board No. 2 in Bisbee, petitioner requested and received a Transfer for Induction to Local Boards 21, 22, 23 in Sacramento, because he was living and working in Sacramento. Petitioner's attempt to enlist the aid of this court is thus based on the fact that if he is to be inducted into the armed forces, it will be in Sacramento.

Respondent argues that any responsibility for an illegal or wrongful classification lies with the local board of registration in Bisbee and relief should be sought from that board. In support of this contention, it cites 32 C.F.R. 1613.-12, which states in part: "The local board having jurisdiction over the place of residence * * * shall always have jurisdiction over the registrant, unless otherwise directed by the Director of Selective Service."

▮ I am of the opinion that this regulation was in no way intended to affect the remedy of habeas corpus, and that if the remedy is appropriate here, a writ may properly be entertained in this district. The key to the writ of habeas corpus is, of course, custody. 28 U.S.C. § 2241(c). The proper forum for issuance of the writ is the Federal district court having territorial jurisdiction where the person is detained. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). Whatever "custody" is present in the instant case is in Sacramento. Petitioner's delivery for induction, if it ultimately takes place, will be made in Sacramento.

### II

▮ I am persuaded, however, that petitioner is not eligible for habeas corpus relief. He has not yet been inducted into the armed forces, and only one reported case has allowed a classification to be challenged via habeas corpus under similar circumstances. The case, Ex Parte Fabiani, 105 F.Supp. 139 (E.D.Pa.1952), would not be imposing authority by itself but for the fact that it is cited with approval by the Supreme Court in a footnote in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963). I have examined the *Fabiani* decision and the context in which it was cited in Jones v. Cunningham, and I do not believe that *Fabiani* has in any way been elevated to the status of settled law. There is respectable authority for not permitting a habeas corpus challenge at this juncture; I choose to follow that authority.

In fairness to the court in *Fabiani,* supra, it should be pointed out that the facts there presented a more arguable case of custody than the instant situation. The petitioner in *Fabiani* was a medical student in a foreign school who was ordered to report for induction after his draft board had denied his claim to classification as a medical student. He returned to the United States after receiving a letter from the United States Attorney stating that he would be indicted if he did not return by a specified date. Like petitioner in the instant case, he had not yet reported for induction, but he had been declared delinquent for failure to report. In discussing the propriety of habeas corpus relief, the court stated:

> The Court is of the opinion that the petitioner is presently in constructive custody of the Government *by reason of the United States Attorney's direction to him to return to the United States by February 15 or be indicted.* He is not free to go where he pleases; in a sense, he is enjoying jail liberties. 105 F.Supp. at 148. (Emphasis added.)

Thus, the court in *Fabiani* appeared to attach major importance to the fact that the Government was threatening to prosecute and had ordered the petitioner to return to the country. The significance of this factor for purposes of finding custody need not be commented upon here; it is sufficient to note that petitioner in the present case has nothing beyond his induction notice that might be looked upon as custody.

■ The citation of *Fabiani* by the Supreme Court in Jones v. Cunningham, supra, cannot be construed as approval of the proposition that habeas corpus is available upon receipt of an induction notice after administrative remedies have been exhausted. The Court cited *Fabiani* in footnote 11 of Jones v. Cunningham as authority for the statement that "[h]abeas corpus has also been consistently regarded by lower federal courts as the appropriate procedural vehicle for questioning the legality of an induction or enlistment into the military service." 371 U.S. at 240, 83 S.Ct. at 375. This is well-recognized law (accord, Watkins v. Rupert, 224 F.2d 47 (2d Cir. 1955) (dictum); In re Abramson, 196 F.2d 261 (3rd Cir. 1952)), but except for *Fabiani*, all of the reported cases have involved persons who have been inducted and are thus in the "custody" of the armed forces. It is possible, as the respondent suggests, that the Supreme Court overlooked the fact that the petitioner in *Fabiani* had not yet been inducted. This thesis would find some support in the fact that the other case cited in footnote 11, United States ex rel. Steinberg v. Graham, 57 F.Supp. 938 (E.D.Ark.1944), involved a habeas petitioner who had been inducted. At most, the citation of *Fabiani* in Jones v. Cunningham might be construed as approval of habeas corpus under the particular circumstances of that case, but even this seems highly doubtful.

While the concept of custody has been broadened somewhat to include restraints beyond physical imprisonment (see, e. g. Jones v. Cunningham, supra (parole)), I do not believe that receipt of an induction notice constitutes sufficient custody for petitioner to avail himself of habeas corpus. I agree with the analysis of the situation by the District of Columbia Circuit, which, when presented with the identical question here, stated:

This case differs in no essential respect from any criminal case in which prosecution is threatened for failure to obey a lawful statutory command. If habeas corpus were an applicable remedy here the writ would of necessity have to be made available to every person who anticipates prosecution for violation of law. That has never been the function and purpose of habeas corpus and we deem it unwise to dilute the potency of the great writ by sanctioning its use in circumstances not related to actual confinement. Lynch v. Hershey, 93 U.S.App.D.C. 177, 208 F.2d 523, 524 (1953), cert. denied 347 U.S. 917, 74 S.Ct. 515, 98 L.Ed. 1072 (1954).

The court went on to say that insofar as *Fabiani*, supra, is authority for allowing a registrant, by petitioning for habeas corpus, to escape the choice between entering military service and defending a criminal proceeding for refusal to submit to induction, "it does not * * * correctly state the law." 208 F.2d at 524. I concur in this view.

■ It should be noted that the court has considered this matter despite a defect in the petition. The petition for a writ of habeas corpus should be directed to the *person* under whose custody the prisoner is detained, and failure to name such person would justify this court refusing to act on the petition. See King v. State of California, 356 F.2d 950 (9th Cir. 1966); Morehead v. State of California, 339 F.2d 170 (9th Cir. 1964). The court has chosen to overlook this defect here in the interest of an expeditious determination.

It is, therefore, ordered that the Order to Show Cause be, and the same is hereby, discharged.

It is further ordered that the Petition for Writ of Habeas Corpus be, and the same is hereby, dismissed.