**Stephen Kenneth MACKEY # 040811, Plaintiff-Appellant,**

v.

**Mike GONZALEZ, Jose Feletez and David Gilbert, Defendants-Appellees.**

No. 81–5422
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 23, 1981.

Stephen Kenneth Mackey, pro se.

Jann J. Farrell, Asst. Atty. Gen., Tallahassee, Fla., for Gilbert.

Before TJOFLAT, VANCE and CLARK, Circuit Judges.

PER CURIAM:

Stephen Mackey seeks appointment of counsel to assist him in his appeal of the district court's order dismissing his 42 U.S.C. § 1983 action for failure to exhaust state remedies. On review of the record, we are unable to determine whether this appeal can proceed to affirmance or reversal. Therefore, we pretermit action on Mackey's motion, vacate the district court's order and remand for clarification of the status of Mackey's various petitions in state and federal court.[1]

In his complaint, Mackey alleges, *inter alia*, that he was illegally arrested by Miami Police Officers Gonzalez and Feletez and that State's Attorney Gilbert knowingly elicited perjured testimony in related suppression hearings. Although he seeks dam-

---

1. Summary disposition on Mackey's motion for appointment of counsel is proper. Where it is obvious that appointment of counsel on appeal will not affect the need for further proceedings below, summary remand is indicated. *Accord Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

ages as well as release from confinement, the district court determined that the entire thrust of Mackey's allegations is that his conviction and sentence were unconstitutional. The court concluded, therefore, that Mackey's complaint raised questions that must be treated, at least initially, in a petition for habeas corpus that requires exhaustion of all available state remedies. *Johnson v. Hardy*, 601 F.2d 172, 173 (5th Cir. 1979); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977); *Fulford v. Klein*, 550 F.2d 342 (5th Cir. 1977) (en banc) upholding 529 F.2d 377, 381 (5th Cir. 1976).

The district court apparently based its determination that Mackey failed to exhaust state remedies on his failure to list in the appropriate section of his form complaint any federal or state lawsuits that he filed based on the same facts at issue in this action. Record at 2. However, Mackey did state in another section of the complaint that he had filed a 42 U.S.C. § 1983 action (No. 80–569–Civ.) and a petition for habeas corpus (No. 80–2060–Civ.–SMA) "in this same cause" in the district court. Record at 4. In addition, in his "Petition for a Traverse of State Court," Mackey recites that he filed a petition for habeas corpus in the Florida Third District Court of Appeals on July 16, 1980. Record at 34. Mackey claims his federal habeas petition was denied. We also note that the Florida Third District Court of Appeals denied a motion by Mackey for a writ of habeas corpus on March 20, 1980. *Mackey v. Sandstrom*, 382 So.2d 905 (No. 80–569) (table).

We cannot determine whether the relief sought in any or all of these actions is for the same wrongs alleged in the complaint before us. We do not know whether the petition considered by the Florida court on March 20, 1980, was the same petition Mackey says, perhaps erroneously, was filed in July of 1980. Nor can we determine whether the number of the state petition (80–569) coincidently is the exact number of Mackey's first 42 U.S.C. § 1983 action in federal court or if these suits are one and the same.

Because of these unanswered questions regarding the disposition of the various actions filed by Mackey, we are unable to discern the basis for the district court's conclusion that state remedies have not been exhausted. We therefore VACATE the order of the district court dismissing this action, REMAND the case and direct the district court to make a reviewable determination for the record on the issue of exhaustion of state and federal habeas corpus remedies.

We note that none of the defendants are proper respondents in a habeas corpus proceeding because none have custody over the petitioner as required by 28 U.S.C. § 2242. Therefore, if the district court determines that state remedies have not been exhausted, it should consider whether the § 1983 action should be dismissed without prejudice or stayed in light of the applicable statute of limitations as discussed in *Fulford v. Klein*, 529 F.2d at 382.

VACATED and REMANDED with instructions.