James R. **DOBY**, Plaintiff-Appellant,

v.

Ronald **STRENGTH** and T.H. **Gray**, Defendants-Appellees.

No. 84–8525
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 6, 1985.

James R. Doby, pro se.

Robert C. Daniel, Jr., Augusta, Ga., Kathryn Allen, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

Doby, a Georgia prisoner, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 [1], alleging violations to his constitutional rights during an allegedly illegal arrest and search and seizure at his home. Defendants are police officers who made the arrest. Doby was convicted of armed robbery and sentenced to twenty years in the penitentiary. The conviction is presently being reviewed by the Georgia Court of Appeals.

A magistrate, conducting the proceedings pursuant to a stipulation under 28 U.S.C. § 636(c), dismissed appellant's case. He found that Doby's § 1983 action was actually an attack on his state court conviction and therefore must be brought in a petition for the writ of habeas corpus, pur-

---

1. 42 U.S.C. § 1983 states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, suit in equity, or other proper proceeding for redress.

suant to 28 U.S.C. § 2254, after exhaustion of state remedies. *See Fulford v. Klein,* 529 F.2d 377 (5th Cir.1976), *adhered to en banc,* 550 F.2d 342 (1977). Doby filed a timely notice of appeal.

■ We reverse and remand. Petitioner's complaint alleges numerous violations of his constitutional rights, most of which are Fourth Amendment violations. Contrary to the magistrate's opinion and order, Fourth Amendment claims are not generally recognizable in federal habeas corpus. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Therefore, Doby will not be able to bring them in a federal habeas petition.

■ Nevertheless, abstention is still appropriate. Apparently, Doby raised the Fourth Amendment violations at his state court trial. That conviction is currently being reviewed by the Georgia Court of Appeals. Therefore, we believe that federal abstention is proper until the state appellate court has decided the relevant issues. *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Huffman v. Pursue,* 420 U.S. 592, 604–07, 95 S.Ct. 1200, 1208–10, 43 L.Ed.2d 482 (1975); *see also McCurry v. Allen,* 606 F.2d 795 (8th Cir.1979). Therefore, the order of the magistrate dismissing the complaint without prejudice is reversed and the case is remanded. It is further ordered that the court abstain from resolving the merits of petitioner's claims until the Georgia Court of Appeals [2] rules on the relevant issues.

REVERSED and REMANDED.

---

2. Or the Georgia Supreme Court, should it decide to hear the case.