**Myroslaw Wasylowycz MEDVID, by his next friends, Paraska Medvid, Jezie Sky, Maria Filipovic, Anne Kent, U.S. Senator Gordon J. Humphrey, U.S. Senator Charles E. Grassley, and U.S. Representative Robert L. Livingston, Petitioner,**

**v.**

**David H. LAMBERT, Director, District 28, U.S. Immigration and Naturalization Service; Alan Nelson, Commissioner of the Immigration and Naturalization Service; Edwin Meese, Attorney General for the United States of America; George Schultz, Secretary of State of the United States of America; James Baker, Secretary of the Treasury of the United States of America; Rear Admiral Clyde T. Lusk, Jr., District Commander, 8th District, United States Coast Guard; and Captain Lindak, Captain of the Port of New Orleans, U.S. Coast Guard, Respondents.**

Civ. A. No. 85–5150.

United States District Court, E.D. Louisiana.

Nov. 8, 1985.

William P. Quigley, New Orleans, La., for petitioner.

William F. Baity and Daniel S. Linhardt, Asst. U.S. Attys., New Orleans, La., for respondents.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is a Petition for Writ of Habeas Corpus in which the petitioners, as next friends on behalf of seaman Medvid, ask this Court to order the defendants to stop the departure of the SS Marshal Konev from leaving the territorial waters of the United States without first releasing

seaman Medvid from the ship so that the defendants can present him before this Court in order to inquire into the voluntariness of his expressed desire to return to the Soviet Union.

### Standing

This Court has doubts about the standing of the plaintiffs. Although in the prior application for a temporary restraining order in Civil Action No. 85–5065 this Court assumed that the plaintiffs there had standing, evidence offered by the plaintiffs themselves in that case now indicate to this Court that seaman Medvid was not under the influence of drugs during his several interviews with the on-site U.S. team on the Coast Guard vessel and at the Naval facility. Thus, the question of Medvid's incompetence, for purposes of Rule 17(c) of the Federal Rules of Civil Procedure has been seriously cast in doubt. Nevertheless, Rule 17(c) might not be plaintiffs key to standing, and, therefore this Court continues to assume the plaintiffs here have standing. 28 U.S.C. § 2242; *Weber v. Garza,* 570 F.2d 511 (5 Cir.1978).

### Entitlement To Relief

Is the Writ of Habeas Corpus appropriate here? Nothing is more fundamental in our law than that the Great Writ can only issue to the person having custody of the person detained so that the custodian can be directed to produce at the hearing the body of the person detained. See 28 U.S.C. § 2243. Plaintiffs admit that the defendants do not have actual custody but, rather, they argue that the defendants have constructive custody by virtue of their administrative ability to deter the ship's departure. Such an argument strains reason and common sense, and does not contemplate the requisite constructive control over the person of seaman Medvid which this Court believes the law contemplates. The pivotal ingredient is control over the person. These defendants simply do not have control over Medvid except in the most indirect, metaphysical sense. See *Billiteri v. United States Board of Parole,* 541 F.2d

938, 948 (2 Cir.1976); *Mackey v. Gonzalez,* 662 F.2d 712 (11 Cir.1981); *United States v. Roberts,* 152 F.2d 841 (2 Cir.1946); *McDowell v. Sacramento Local Board Group Boards 21, 22 and 23, Selective Service System,* 264 F.Supp. 492 (E.D.Cal. 1967).

Further, this Court cannot ignore the fact that on this date the United States Supreme Court unanimously denied the application of the plaintiffs in the District of Columbia case for injunctive relief or, alternatively, for a writ of habeas corpus. Although the denial of the United States Supreme Court is not necessarily binding on this Court, it cannot be ignored as a guidepost, and an important one. Rule 27.3 of the Supreme Court.

Finally, this Court must reiterate what it said in its Order and Reasons on November 6, 1985. The charges regarding the circumstances of seaman Medvid are cruelly serious ones. They must not be treated callously. But a greater principle is at stake: the doctrine of separation of powers and the propriety of the Federal Judiciary in meddling with foreign affairs. Plaintiffs have candidly admitted that the relief they request, simply stated, is to ask this Court to stop the departure of the Marshal Konev from American territorial waters. That is a decision for the Executive and Legislative branches of our Government, not the Federal Judiciary. The independence of the Federal Judiciary is a marvel in the history of Western Civilization. Indeed, that independence at times has resulted in decisions which have had long lasting political and social consequences. We do not shirk from the responsibility of that independence. But we must balance the consequences of what plaintiffs seek against the public interest when an international confrontation could result. In the final analysis, this Court weighs the public interest as being the more serious one in these sobering circumstances.

Accordingly, for the reasons stated,

IT IS ORDERED:

The Petition for Writ of Habeas Corpus is DENIED. See 28 U.S.C. § 2243.