Stephen SULTENFUSS,
Plaintiff–Appellant,

Michael C. Bishop, Plaintiff,

v.

Wayne SNOW, Jr., James T. Morris, Mobley Howell, Michael H. Wing, Bettye O. Hutchings, and Michael J. Bowers, Defendants–Appellees.

No. 88–8627
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 20, 1990.

As Amended March 15, 1990.

---

Cathy A. Cox, Atlanta, Ga., for defendants-appellees.

Before VANCE *, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

This lawsuit was brought by several Georgia state inmates alleging, *inter alia*, violation of their constitutional right to due process under the constitution. Bringing suit pursuant to 42 U.S.C.A. § 1983, the inmates contended that the Georgia parole system as created by both statute and regulation provides them with a liberty interest in parole, and that the defendants, the chairman and members of the Georgia Board of Pardons and Paroles and the Attorney General of Georgia, violated their rights by departing from the parole guideline scheme. As relief, the plaintiffs sought both injunctive and declaratory relief and compensatory damages.

The district court *sua sponte* dismissed the plaintiffs' complaint as frivolous under 28 U.S.C.A. § 1915(d). As an initial matter, the court found that the request for compensatory relief was wholly frivolous because parole officials are immune from damage suits under 42 U.S.C.A. § 1983. Then, turning to the plaintiffs' claim for equitable relief, the district court concluded that their allegations failed to state a due process claim upon which relief could be granted.

This appeal was brought by one of the inmate plaintiffs, Stephen Sultenfuss, who argues that the district court erred in dismissing the plaintiffs' due process claims for damages and for equitable relief. For the reasons that follow, we affirm the judgment of the district court as it pertains to the damages claim; however, we reverse the *sua sponte* dismissal of the due process claim.

The Supreme Court has identified two classes of cases in which § 1915(d) authorizes courts to dismiss cases *sua sponte:* (i) "claim[s] based on an indisputably meritless legal theory," and (ii) "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* —— U.S. ——, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Within the former category fall those cases in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality. *Id.*

■ With the above standards in mind, we now turn to the issues that Sultenfuss raises on appeal. We see no error in the district court's dismissal of the claim for compensatory relief against the individual members of the Board of Pardons and Parole. We have long recognized that parole

---

* Judge Robert S. Vance was a member of the panel to which this case was submitted for disposition without oral argument pursuant to 11th Cir.R. 34–3, but due to his death on December 16, 1989, did not participate in this decision. This case was decided by quorum. *See* 28 U.S.C. § 46(d).

board members are entitled to quasi-judicial immunity from suits requesting damages based upon the decision to grant or withhold parole. *Fuller v. Georgia State Bd. of Pardons and Parole*, 851 F.2d 1307, 1310 (11th Cir.1988); *Cruz v. Skelton*, 502 F.2d 1101, 1101–02 (5th Cir.1974).

The issue of whether the present Georgia parole system accords inmates a liberty interest, however, presents a markedly different question. In dismissing the complaint, the district court relied upon this court's decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940, 941–42 (11th Cir.), *cert. denied*, 459 U.S. 1043, 103 S.Ct. 462, 74 L.Ed.2d 612 (1982), which held that the extant Georgia statutes governing parole did not create a protectable expectation of release giving rise to a claim of entitlement for parole.

Were the Georgia system of parole at issue in *Slocum* identical to the Georgia parole system in place today, we would have no problems with the district court's *sua sponte* dismissal of this claim. However, *Slocum* addressed parole decisions made under the Georgia system of parole as it existed in 1979 and 1980; since that time the Georgia legislature enacted a provision requiring the Board of Pardons and Paroles to adopt and apply a parole guidelines system "to be used in determining parole actions on all inmates." O.C.G.A. § 42–9–40 (1980).

Thus, since *Slocum* was decided, the Georgia parole system has been revised significantly. Pursuant to O.C.G.A. § 42–9–40, the Board of Pardons and Paroles has promulgated rules and regulations concerning the new parole guidelines system. While upon close examination, these changes may not have had an actual impact upon the Georgia parole system to vindicate the due process claim at issue, the changes are sufficiently significant to raise an arguable question of law so as to preclude § 1915(d) dismissal. *See Neitzke v. Williams*, — U.S. at ——, 109 S.Ct. at 1833 ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not").

Our recent decision in *Fuller v. Georgia State Bd. of Pardons and Parole*, 851 F.2d 1307, 1309 (11th Cir.1988) does not dictate a contrary response. In *Fuller*, this court held relying solely upon *Slocum* that a Georgia inmate who challenged a 1985 parole decision did not have an entitlement to or liberty interest in parole under Georgia law. We have reviewed the briefs in *Fuller* and are convinced that it was not brought to the panel's attention that Georgia had adopted a parole guideline system that was substantially different from the parole system at issue in *Slocum*.

"A state-created liberty interest may originate in a state statute or in regulations or in the practices of state or county officials." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1422 (11th Cir.1985). Because this court has not yet addressed the effect of the statutory and regulatory changes that Sultenfuss relies upon in making his argument that the Georgia parole system as constituted after implementation of the parole guidelines system creates a liberty interest, we conclude that the district court's *sua sponte* dismissal of the due process claim was in error. In reversing the district court, we intimate no opinion as to whether the new Georgia statute and regulations create a liberty interest; rather, we only conclude that Sultenfuss's due process claim raises an arguable legal issue that should be resolved only after service of the complaint on the defendants and in response to a motion properly addressing the issue.

Accordingly, we reverse the district court's *sua sponte* dismissal of Sultenfuss's complaint for equitable relief and remand this case for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.