**Johnny Isaiah PRATHER,**
**Petitioner–Appellant,**

v.

**Joe NORMAN, Respondent–Appellee.**

No. 88–8930
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 18, 1990.

Johnny Isiah Prather, Reidsville, Ga., pro se.

Terry L. Long, Asst. Atty. Gen. of Georgia, Atlanta, Ga., for respondent-appellee.

Before JOHNSON, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Johnny Prather, an inmate confined at Georgia State Prison, appeals the district court's dismissal of his civil rights action. Prather filed suit under 42 U.S.C. § 1983 against Joe Norman, a former mayor of Newnan; Judge William Lee of Coweta County Superior Court; Newnan police officers Ronnie Gore, Ronnie Williams, and Wayne Jones; attorneys Mitchell Powell, Jr., Mark Acree, Pernell Odom, and S. Eugene Lambert, Jr.; state magistrate Eddie Ball; and court reporter Edward Noriega.

In his complaint, Prather alleged that the police officers conspired with other officials to blackmail witnesses into testifying against him and to falsely arrest him. He also alleged that officials conspired to maintain an all white grand jury, to with-

hold evidence, to use perjured testimony, to use falsified and inflammatory photographs of the victim, to turn the victim's body from face down to face up, and to lie to the newspapers. He claimed that he received ineffective assistance of counsel and that the court reporter altered the transcripts. He further complained that he was ordered to stop filing actions in the state courts. He sought declaratory and injunctive relief, damages, and an investigation by federal officials.

The district court found that the complaint should be construed as a habeas petition because the action would affect the fact or duration of confinement if it succeeded. Thus, the court found that Prather was required to exhaust state remedies. Because he checked a box on the form complaint indicating he had not filed state proceedings regarding any of his claims, the court found that he had not exhausted state remedies and on that basis dismissed the complaint prior to service pursuant to 28 U.S.C. § 1915(d), which provides that in proceedings in forma pauperis:

> (d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Prather now appeals arguing that the district court erred in construing his complaint as a petition for habeas corpus and then dismissing it as frivolous. The principal issue confronting us is whether the action is frivolous. Because of intervening decisional law since the district court's opinion, we must reverse.

■ Prather argues that the district court was wrong to construe his complaint as a petition for habeas corpus since he was not asking to be released. Rather, Prather claims that he is "only seeking damages, injunctive relief and declaratory [sic] judgement," and that his complaint is the proper subject for a section 1983 action. Appellant's Brief at 8. In this circuit, section 1983 actions are treated as habeas petitions if the relief requested under section 1983 would undermine the conviction. *Gwin v. Snow,* 870 F.2d 616, 626–27 (11th Cir.1989).

■ In this case, appellant seeks damages for constitutional violations which, if proven, would cast doubt on his conviction. For example, if Prather can prove his claim that he received ineffective assistance of counsel, he may be entitled to a new trial. *See generally Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With one exception[1] Prather's claims appear to challenge the state proceedings that led to his conviction.

Moreover, an examination of Prather's complaint reveals that part of the injunctive relief he seeks is an order "prohibiting defendants ... from prohibiting Plaintiff from returning to his hometown in which he was born." Complaint at vii. Since this is in essence asking for release, it should be construed as a habeas claim.[2] Thus, the district court's decision to construe this claim as a habeas corpus claim was correct.

■ After construing Prather's complaint as a habeas corpus petition, the district court dismissed the petition under 28 U.S.C. § 1915(d) as frivolous since Prather indicated on the complaint form that he had

---

1. Prather appears to claim that he has been ordered not to file actions in state court and asks for an order protecting access to federal court. These claims, if successful, "will not lessen the duration of his sentence one day" or otherwise undermine his conviction. *Gwin,* 870 F.2d at 624. The *Gwin* court was careful to distinguish procedural rights that may ultimately result in a shorter sentence from substantive attacks on the conviction. *Id.* The district court erred, therefore, in dismissing this claim for failure to exhaust state remedies. On remand the court should determine whether the

substance of the claim is frivolous under section 1915(d).

2. We are cognizant of the fact that when dealing with *pro se* complaints it may be difficult to determine whether the plaintiff's claims and relief are subject to exhaustion requirements. *This difficulty is exacerbated by the need to liberally construe pro se complaints.* The difficult task the district court faces in resolving these ambiguities can be made easier through the use of questions submitted to prisoners as contemplated by *Gwin,* 870 F.2d at 626.

not exhausted state remedies.[3] The court relied on this court's opinion in *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987), which held that a complaint that is legally sufficient for the purposes of Federal Rule of Civil Procedure 12(b)(6) can nevertheless be dismissed as frivolous if the court determines that the "plaintiff has little or no chance of success." This conclusion was incorrect for three distinct reasons.

First, much of our opinion in *Harris v. Menendez* is no longer correct. After the district court ordered dismissal of the complaint, a unanimous Supreme Court detailed the circumstances under which a court can dismiss a complaint pursuant to section 1915(d). *Neitzke v. Williams*, —— U.S. ——, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In *Neitzke*, the district court had dismissed the complaint under § 1915(d) because the complaint failed to state a claim upon which relief could be granted. —— U.S. at ——, 109 S.Ct. at 1829. In doing so, the district court had equated frivolousness under § 1915(d) with the standard for dismissal under Rule 12(b)(6). A unanimous Supreme Court upheld the reversal of the district court. The Court noted that when "a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate but dismissal on the basis of frivolousness is not." *Neitzke*, —— U.S. ——, 109 S.Ct. at 1833.

■ Our opinion in *Harris* does not survive *Neitzke*. Henceforth, section 1915(d) dismissal should only be ordered when the claims "lack an arguable basis in law." *Id.*

at 1833. Claims can be inarguable because of legal and factual inadequacies. Factual allegations are frivolous for purposes of § 1915(d) when they are "clearly baseless." *Id.* Legal theories are frivolous when they are "indisputably meritless." *Id.*

■ Secondly, the district court should not have dismissed the claims for failure of Prather to exhaust. Dismissal of habeas petitions are generally governed by Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 [Section 2254 Rules], not section 1915(d). Rule 4 provides that the district court may summarily dismiss the petition if "it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." *Id.* The practice in this circuit is not to dismiss habeas petitions containing claims that have not met the 28 U.S.C. 2254(b) exhaustion requirement. *See Davis v. Dugger*, 829 F.2d 1513, 1521 (11th Cir.1987). Because exhaustion is not jurisdictional and may be waived by the state, it is error to dismiss a petition solely on grounds of failure to exhaust. *Davis*, 829 F.2d at 1521.

■ Finally, the fact that Prather seeks not only declaratory and injunctive relief but also monetary damages suggests that the district court's *sua sponte* dismissal of Prather's complaint without service on the various defendants was ill-advised. Although our prior circuit precedent mandates that damages claims that challenge the fact or duration of confinement be presented as a petition for habeas corpus, *see Gwin*, 870 F.2d at 622–23, the manner in which potentially unexhausted damages claims are treated need not necessarily mirror the treatment of similar claims for declaratory and injunctive relief.[4]

---

3. Prather alleged in his affidavit to the district court accompanying his motion for a certificate of probable cause to appeal that he had exhausted several of the claims. On remand, the district court should resolve the inconsistencies between this statement and the form complaint by requiring Prather to provide support for his claim that he has exhausted the claims.

4. There are important distinguishing features between claims for declaratory and injunctive relief and claims for monetary relief that must be taken into account when determining the

proper disposition of the claim pending completion of the state proceedings. In instances in which an inmate brings a federal civil rights complaint seeking only declaratory or injunctive relief to remedy past actions and the award of relief could potentially affect or undermine his or her conviction or duration of confinement, notions of comity and federalism argue in favor of federal courts viewing such claims as petitions for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 490–93, 93 S.Ct. 1827, 1836–38, 36 L.Ed.2d 439 (1973). Generally, all of the relief sought in such proceedings is obtainable

We have frequently cautioned district court judges to consider the effect that treatment of inmates' civil rights complaints as petitions for habeas corpus will have on the future viability of those claims. The importance of this consideration is underscored when the monetary claims being raised have not been exhausted in the state courts and the defendants timely raise this defense. Under this circumstance, the district court must, prior to dismissing the inmate's complaint, consider what effect dismissal will have in terms of the inmate's ability to relitigate the claims after state court exhaustion in light of the applicable statute of limitations. *See, e.g., Richardson v. Fleming*, 651 F.2d 366, 373 (5th Cir. July 22, 1981); *Meadows v. Evans*, 550 F.2d 345 (5th Cir.1976) (en banc) (per curiam), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Fulford v. Klein*, 550 F.2d 342 (5th Cir.1977) (en banc) (per curiam). It may very well be the case that the proper, if not mandatory,[5] disposition of the inmates' complaints—at least to the extent that monetary damages are sought—is not dismissal, but rather a stay pending resolution of the habeas issues. *See Deakins v. Monaghan*, 484 U.S. 193, 108 S.Ct. 523, 529, 98 L.Ed.2d 529 (1988); *Goddard v. Larsen*, 890 F.2d 416 (6th Cir. 1989) (unpublished, available on Westlaw);

*Young v. Kenney*, 887 F.2d 237, 240 (9th Cir.1989); *Williams v. Hepting*, 844 F.2d 138, 144–45 (3d Cir.1988). *See also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (holding that abstention until state court proceedings are completed is proper disposition of plaintiff's § 1983 action seeking monetary relief for alleged fourth amendment violations). *Cf. Traverso v. Penn*, 874 F.2d 209, 212–13 (4th Cir. 1989) (§ 1983 claim for injunctive and declaratory relief as well as monetary damages should be stayed until criminal prosecution and state habeas proceedings have run their course).

Having reviewed the allegations of this case, we conclude that further proceedings are necessary because: (1) there is at least an arguable question of law as to whether all of Prather's civil rights claims should properly be construed as habeas claims;[6] (2) to the extent that some of Prather's allegations must first be raised in the context of habeas proceedings, the district court erred in *sua sponte* dismissing Prather's claims for failure to exhaust state remedies prior to the defense being raised by the defendants; and (3) assuming that some of Prather's claims constitute unexhausted habeas claims, there nonetheless exists an arguable question of law as to

---

through state habeas proceedings. To require that these claims are actionable only pursuant to a petition for habeas corpus with its concomitant exhaustion requirement is to give full recognition to the function and responsibilities of state judicial authorities to rectify constitutional wrongs that transpire within the state judicial system. "The strong considerations of comity ... require[ ] giving a state court system that has convicted a defendant the first opportunity to correct its own errors." *Preiser*, 411 U.S. at 492, 93 S.Ct. at 1837. *See also Rose v. Lundy*, 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203–04, 71 L.Ed.2d 379 (1982); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973).

On the other hand, when an inmate also seeks the recovery of monetary damages, considerations in addition to comity and federalism enter into the calculus. For one thing, the relief sought in such a case—an award of monetary damages—is not available in a state habeas proceeding. Moreover, the individuals from whom the inmate is seeking damages may not be the proper defendants in a habeas action, *see, e.g., Mackey v. Gonzalez*, 662 F.2d 712, 713 (11th

Cir.1981); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and the allegations being raised by the inmate may not be cognizable in federal habeas corpus, *see Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir.1985) (per curiam).

5. Given the present posture of this case, we are reluctant to address the ultimate question of whether dismissal of a § 1983 civil rights claim for monetary damages remains an appropriate option if the claim has not yet been exhausted and the factual allegations necessarily challenge the validity of a criminal conviction or the duration of the inmate's confinement. Any consideration of this issue is best presented after the defendants have been served and briefing by both parties is received. We do note, however, that any discussion of the proper manner in which to resolve this issue will, of necessity, need to consider whether the Supreme Court's observations in *Deakins v. Monaghan*, 484 U.S. 193, 201, 108 S.Ct. 523, 529, 98 L.Ed.2d 529 (1988), alters our prior precedents in this area.

6. *See supra*, note 1.

what constitutes the proper disposition— i.e., dismissal or stay of the proceedings— of Prather's claims for monetary damages.

Accordingly, we REVERSE the district court's *sua sponte* dismissal of this action and REMAND for further proceedings[7] consistent with this opinion.[8]

JOHNSON, Circuit Judge, concurring specially:

While I do not concur in the majority opinion, I concur in the result reached by the majority that the district court's *sua sponte* dismissal of this action prior to requiring the defendants to respond should be REVERSED.

---

**7.** On remand, we note that the district court may, in its discretion and prior to service of the complaint, conduct a frivolity assessment to determine whether some of Prather's claims against certain defendants should be dismissed pursuant to § 1915(d) because those defendants are cloaked with absolute immunity. *See Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990) (claims that are barred by defendants' absolute immunity are properly dismissed as frivolous).

**8.** As a final note, we recognize that there exists an "'ambiguous borderland' between habeas corpus and section 1983," *McKinnis v. Mosely*, 693 F.2d 1054, 1056 (11th Cir.1982) (per curiam), quoting M. Bator, D. Shapiro, H. Wechsler, *Hart and Wechsler's The Federal Courts and Federal System* 415 (1981 Supp.), the boundaries of which are not always readily apparent. Moreover, we are aware that when dealing with *pro se* complaints it may be difficult to determine whether the plaintiff's claims are immediately actionable under the civil rights statutes or whether they must first proceed as habeas petitions in the state court system. This problem is made all the more difficult by the need to construe liberally *pro se* complaints, which are frequently less than artful in both their presentation of the facts and the nature of the relief sought.

These factors, particularly when viewed in light of (1) the Supreme Court's admonitions in *Neitzke v. Williams* with regard to the types of cases that may be dismissed pursuant to 28 U.S.C.A. § 1915(d), (2) this circuit's rule that the defense of failure to exhaust state remedies should not be addressed unless raised by the defendant, and (3) the need to ensure that the imposition of an exhaustion requirement does not, through the statute of limitations, forever bar an individual's claim for monetary damages, suggest that district courts should exercise extreme caution in determining prior to service of process on the defendants that inmate civil rights claims are actually habeas petitions that should be dismissed. We believe that district courts may find it more beneficial and expeditious to require defendants in these type of cases to plead their defenses and allow the parties the opportunity to delineate more precisely the issues being raised prior to making a final determination as to the type of claim and the proper disposition of the case.