[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2006
THOMAS K. KAHN
CLERK

No. 04-16437
Non-Argument Calendar

_____

D. C. Docket No. 04-02428-CV-T-24-MAP

REGINALD WINGFIELD,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 17, 2006)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

On November 3, 2004, Reginald Wingfield, who is serving a 30-year sentence, filed his 28 U.S.C. § 2254 petition. Seven days later, on November 10, 2004, the district court <u>sua sponte</u> dismissed without prejudice Wingfield's habeas petition for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases.

The district court stated that pursuant to Rule 4, it had conducted a preliminary review of Wingfield's petition and determined that "only part of the document is written on the court-required form" and that Wingfield's petition is a "rambling, disjointed, and confusing document." According to the district court, Wingfield "will need to use the required form and commence a new action to pursue a challenge to his conviction." The district court further directed the Clerk "to enter judgment against Petitioner and to close this case."

On December 6, 2004, Wingfield timely filed a notice of appeal, and on February 25, 2005, we granted a certificate of appealability on one issue:

> Whether the district court erred in dismissing, without prejudice, appellant's 28 U.S.C. § 2254 petition for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases, in light of the fact that any subsequent petitions may now be time-barred. See <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001) (holding that a § 2254 petition does not toll 28 U.S.C. § 2244(d)'s one-year statute of limitations).

As a general matter, dismissals of habeas petitions are governed by Rule 4 of

the Rules Governing Section 2254 Cases.  See Prather v. Norman, 901 F.2d 915, 918 (11th Cir. 1990) (determining that the district court erred where it dismissed a petitioner's habeas corpus petition on the basis that the petition was frivolous due to petitioner's failure to exhaust state remedies).  Under Rule 4, district courts are required summarily to dismiss any § 2254 petition "if it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  While we have not published a case interpreting this specific language of Rule 4, other courts of appeals have found that Rule 4 serves as authority for the dismissal of plainly frivolous appeals.  See Williams v. Kullman, 722 F.2d 1048, 1050 (2nd Cir. 1983) (concluding that "Rule 4 does not confer unbridled discretion" to dispose of habeas petitions, but rather provides for summary dismissal "only in those cases where pleadings indicate that petitioner can prove no set of facts to support a claim entitling him to relief").[1]

Rule 2(c) of the Rules Governing Section 2254 Cases[2] sets forth the standard for the form of a § 2254 petition and states, in relevant part, "[the petition] shall specify all the grounds for relief which are available to the petitioner . . . and

---

[1]See also Calderon v. United States Dist. Court for the N. Dist. of Cal., 98 F.3d 1102, 1109 (9th Cir. 1996) (Schroeder, J., concurring) (determining that "a habeas court reviewing a petition under Rule 4 reviews only to see if it plainly appears that petitioner is not entitled to relief . . . Rule 4 is entitled to screen out plainly frivolous appeals") (emphasis in original).

[2]Rule 2 was amended on December 1, 2004.  The former Rule 2 was still in effect at the time of the dismissal in this case.

3

shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(e) authorizes the court to return a petition to the petitioner if it fails to "substantially comply with the requirements of Rule 2."[3] Rule 2 does not, however, expressly authorize the sua sponte dismissal of a petition for the petitioner's failure substantially to comply with the rule. Commenting on the interplay between the liberal pleading rules under Rule 2 and the allowance of sua sponte dismissal under Rule 4, the Second Circuit held that Rule 2(e) serves as the middle ground, allowing the district court to "return an insufficient petition to the petitioner, together with a statement of a reason for its return." Williams, 722 F.2d at 1051. The Eighth Circuit explained that "Rule 2(e) clearly contemplates that a returned petition may be refiled, so long as deficiencies are corrected and the petition substantially complies with the Section 2254 Rules." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990).

We have not published a decision covering the factual situation presented here. However, in an analogous civil case, we held that where a dismissal "has the effect of precluding [plaintiff] from refiling his claim due to the running of the

---

[3]In December 2004, Rule 2 was amended to eliminate any reference in Rule 2(e) to a district court's authority or responsibility to return a habeas petition that failed to meet the requirements of Rule 2. Because we are applying the version of Rule 2(e) in effect prior to December 2004, we make no judgment as to what actions a district court is now required or authorized to undertake once a habeas petition is demeaned to be in violation of the requirements of Rule 2.

statute of limitations . . . [t]he dismissal [is] tantamount to a dismissal with prejudice." Justice v. United States, 6 F.3d 1474, 1482 n. 15 (11th Cir. 1993) (quoting Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B 1981)).  A dismissal with prejudice is a sanction of last resort and should be used "only in those situations where a lesser sanction would not better serve the interests of justice." Justice, 6 F.3d at 1482 n.15 (quotations omitted).

In the case at hand, the court dismissed the November 3, 2004 petition without prejudice on November 10, 2004.  Given the one-year limitations period governing the filing of section 2254 petitions, though, the dismissal of the petitioner's § 2254 petition, when combined with the appeal period from December 6, 2004, to the present, has rendered any subsequent petition untimely.  See Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001) (holding that a § 2254 petition does not toll 28 U.S.C. § 2244(d)'s one-year statute of limitations).[4]  Under this circumstance and given the district court's authority in Rule 2(e) to return an insufficient petition for refiling, we would be remiss if we

_____

[4]According to the government, Wingfield's conviction did not become final until March 27, 2003.  The government also indicates that Wingfield filed his Rule 3.850 motion in Florida on July 22, 2003, and that the statute of limitations was tolled from July 22, 2003, until October 21, 2004, when Wingfield's Rule 3.850 motion was denied.  Assuming these dates are correct, Wingfield's § 2254 petition appears to have been timely filed on November 3, 2004, but almost five months had already elapsed on his one-year limitations period when Wingfield filed his § 2254 petition.  Thus, he had seven months left on the limitations period, which expired during this appeal.

did not vacate the district court's judgment and remand the case for further proceedings.

Accordingly, this case is remanded to the district court with instructions to give the petitioner a specified time period to submit a revised § 2254 petition on the proper form that complies with the requirements of Rule 2. If Wingfield submits a revised § 2254 petition within the specified time period that meets the requirements of Rule 2, the district court shall treat the revised petition as having been filed on November 3, 2004.

However, should Wingfield fail to submit a proper § 2254 petition within the specified time period, the district court is expressly authorized to dismiss Wingfield's § 2254 petition with prejudice. We further note that this opinion in no way comments on the merits of Wingfield's § 2254 petition.

VACATED and REMANDED WITH INSTRUCTIONS.