Anthony Jerome HARRIS, Gary Middaugh, Theodore Ford, Doyle King, Randy Meyer, Terry Crisp, Michael Farmer, John Honeycutt, Coy Hill, Troy Brown, Deems Rowell, Gordon Bunton, Adam Wright, Robert Manous, Kimball Foreman, Joe Headrick, Terry Steward, Arthur Blackmon, James Smith, Stephen Ross, Johnny Smith, Larry Brown, Walter Robinson, Roger Williams, Kenneth Owens, Marshall Gee, Kelly Craig, Gilbert Payne, Danny Green, Calvin Eslick, Paul Rogers, Michael Smith, Nathaniel Jackson, Johnny Romo, Jeffery Lea, Johnny Davis, Chester Watkins, Ricky Wyatt, Aron Cox, Nero Tecumseh, Joseph Osborne, Joseph Dicesare, William Knittel, James McClain, Eddie Coats, Walter Bowers, Huey Hall, Ronnie Moore, Shane Boggs, Willie Taylor, Clarence Bramlett, Bruce Hill, Larry Ives, Donald Myles, Kevin Cole, Larry Crawley, Edward Teichman, Keith Larkins, Leonard Goudeau, Joel Vanscoy, Robert Richards, Michael Broadnax, Rufus McGee, Kyle Cheadle, Steve Seitz, Timothy Whipkey, Adrian Collins, William Severe, Robert Brixey, Kevin Parker, Lloyd Harjo, Kenneth Burrell, Louis Washington, David Copple, Fred Cook, Robert Schneider, Joel Allen, Boyce Vandenburg, Jerry Stiles, Tony Abney, Jackie L. Adair, Robert Anderson, Ascension Armendariz, Larry Bailey, Charles Barnett, Rogelio Bege, J.C. Berry, Lavern Berryhill, Perry Biffle, Jackie Blanton, Douglas Breeden, Gregory Brians, Arthur Brown, Bobby Bruce, Derek Burger, Larry Butcher, John Byrd, James Cagle, Clifford Campbell, Douglas Capps, Gerald Carroll, Toriano Chandler, Joe Chase, Clyde Chuculate, Joseph Cloud, Johnny Cole, Pam Colley, Ronald D. Cooper, Dennis Cornell, Cyndi Cornell, Germaine Crawford, Rickie Crisp, James Crow, Gerald Daniels, Brian Daniels, Richard Demes, Ronnie Dial, Alfonso Duran, Larry Edwards, Andrew Ephriam, James L. Evans, J.W. Fatherree, Lance Foster, Donnie Joe Frye, Dennis Gaines, Louis Gibson, Ronnie Gilmore, James Godbey, Forest Golbek, Jerry Graham, Lantze Green, Bryan Griffin, James Hamilton, David P. Hammer, Lauren Hankins, Eual Hardt, Michael Hayes, Randy Henderson, Eldon Henderson, Andrea Hester, Archie Hill, Dewayne Holland, Harold Holman, Thomas Honeycutt, Michael Houston, C. Huffstutler, Keith Hunt, Dorris Jackson, Napoleon James, Willie Jemison, Allen Jones, Allen Kaulaity, Jeffery King, Robert Kluver, Fred Knisley, Millard Knox, Clarence Landreth, Bernard Lawson, Odis Lawson, Jr., Qunion Leigh, Frank Logan, Laura Long, Joseph Lyda, Brian Maffee, McKinley Mahan, Patrick Martin, Elijah Martin, Leobardo Martinez, Barry McClure, Glenn McGuire, Patrick Meadows, Juan Mercado, Walter Miller, Jackie Miller, Larry Mills, Gary Minard, William Moore, Abdullah Muhammad, Darphus Murray, Steven Ness, George Nichols, Michael Norman, James Northcross, Richard Olsen, Carmen Patton, Dixie Pebworth, Roger Peterman, Rick Petrick, Gregory Poe, William P. Potts, Michael Prater, James Price, Steven Pyles, Nillson Ramirez, Christopher Ransom, Hazen Ray, Terry Reeves, Kenneth Reynolds, Terrance Richards, Eddie Richie, Michael Riggs, T.J. Roby, Arthur Rodriguez, Victor Rose, Kenneth L. Russell, David Russell, David Sadler, Samuel Sanner, William Sherburn, Monty Shockey, Mary Shoffner, Wayne Shull, Donald Sibit, Canova Singleton, John Smith, Danny Smith, Terry Smith, Michael S. Smith, Anthony Steele, Richard Stone, Thomas Strother, Jamie Struble, H. Stumblingbear, Sherman Surface, Stacey Sutton, Stephen Thomas, David

Thomas, Jon Tibet, Johnny Tilley, Roscoe Tilley, Lyman Tomlin, Floyd R. Turner, Cheryl Wagner, Larry Walker, Michael Walling, Walter Walters, Warren Ward, Leslie Warledo, Johnny Washington, Orland Wasson, Joseph Watkins, Thomas Weaver, Andrew West, Jack Whitlock, Robert Whittier, Billy D. Wilkins, Tyrone Williams, Marty Williams, Jack Williams, Thurman Wilson, Donald Wilson, Willie Wilson, Randy Wood, Kevin Wood, Sr., Robert Woods, Billie Woolsey, Charles Wooten, Galen Wooten, Sharlene Workman, Coy Yocham, Floyd Zeigler, Floyd Harris, Roosevelt McCoy, Gregory Mundine, Donald O'Shields, Gerald Thompson, Terry P. Crow, Brian Leroy Jordan, Terry Lynn Rhine, Leron Robinson, Carol Ann Pierce, Richard Lee Johnson, Robert M. Estrada, David Richard, Plaintiffs–Appellants,

v.

Ron CHAMPION, Steve Hargett, Stephen Kaiser, Bobby Boone, Dan Reynolds, Joy Hadwiger, R. Michael Cody, Edward Evans, R. Jack Cowley, Neville Massie, H.N. Scott, Sue Frank, Denise Spears, Earl Allen, Jim Sorrels, Wardens, and all other Wardens of Correctional Facilities of the State of Oklahoma having custody of any of the Plaintiffs; The Oklahoma Department of Corrections; Gary Maynard, the Director of the Oklahoma Department of Corrections; The Oklahoma Court of Criminal Appeals; The Judges of The Oklahoma Court of Criminal Appeals, to-wit, Honorable James F. Lane, Honorable Gary L. Lumpkin, Honorable Tom Brett, Honorable Ed H. Parks, and Honorable Charles A. Johnson; The State of Oklahoma; The Oklahoma Indigent Defense System; Henry A. (Hank) Meyer, III, Chairman, Richard Reeh, Doug Parr, Richard James, and Becky Pfefferbaum, M.D., individually and as Members of the Oklahoma Indigent Defense System Board; Patti Palmer, individually and as Executive Director of the Oklahoma

Indigent Defense System; and E. Alvin Schay, individually and as Appellate Indigent Defender, i.e., Chief Administrative Officer of the Oklahoma Appellate Indigent Defender Division, Defendants–Appellees.

Nos. 94–5038, 94–5039.

United States Court of Appeals, Tenth Circuit.

March 30, 1995.

Anthony Jerome Harris, pro se.

John E. Dowdell, Norman & Wohlgemuth, Tulsa, OK, for plaintiffs-appellants.

Susan B. Loving, Atty. Gen. of Okl., Lisa. Tipping Davis, Asst. Atty. Gen., Oklahoma City, OK, for defendants-appellees Wardens, State of Okl. and Atty. Gen. of Okl.

J. Warren Jackman and William A. Caldwell, Pray, Walker, Jackman, Williamson & Marlar, Tulsa, OK, and Gary Peterson, Oklahoma City, OK, for defendants-appellees Okl. Indigent Defense System.

John M. Imel and John E. Rooney, Jr., Moyers, Martin, Santee, Imel & Tetrick, Tulsa, OK, and Gail L. Wettstein, Oklahoma City, OK, for defendants-appellees Okl. Court of Crim. Appeals.

Before BRORBY, LOGAN, and EBEL, Circuit Judges.

BRORBY, Circuit Judge.

Plaintiffs-appellants, all of whom were convicted of felonies in Oklahoma and were represented by defendant-appellee Oklahoma Indigent Defense System (OIDS) on their direct appeals in state court, brought suit asserting habeas and civil rights claims against defendants-appellees as a result of allegedly unconstitutional delay by the state in adjudicating plaintiffs' direct criminal appeals. Plaintiffs alleged that inordinate and unjustified delay by the OIDS in filing briefs on their behalf and similar delay by the Oklahoma Court of Criminal Appeals in adjudicating their appeals, once briefed, deprived them of their Fourteenth Amendment rights to due process and equal protection, as well as their Sixth Amendment right to the effective assistance of counsel.

We described much of the history of this action in *Harris v. Champion*, 15 F.3d 1538, 1548–54 (10th Cir.1994), wherein we addressed plaintiffs' habeas claims against the defendant wardens. Today we consider plaintiffs' claims against the Oklahoma Court of Criminal Appeals and the individual judges thereof (collectively, the Oklahoma Court defendants), as well as their claims against the OIDS, the past and present board members of the OIDS, and two administrators of the OIDS, who also acted as defense counsel for certain plaintiffs in their direct criminal appeals (collectively, the OIDS defendants).[1]

By order entered December 27, 1993, the district court disposed of all plaintiffs' claims against the Oklahoma Court defendants and the OIDS defendants, and also denied plaintiffs' motion for leave to amend their complaint to add the Attorney General as a party-defendant and to add a claim against certain defendants under the Oklahoma Governmental Tort Claims Act. The district court certified its rulings on the claims against the Oklahoma Court defendants and the OIDS defendants for immediate appeal,

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

pursuant to Fed.R.Civ.P. 54(b), but did not so certify its ruling on the motion to amend. Plaintiffs' notices of appeal[2] purport to appeal only the two rulings certified for immediate appeal under Rule 54(b). In their reply brief on appeal, however, plaintiffs argue that the district court erred in denying the motion to amend.

Plaintiffs neither designated the denial of the motion to amend in their notices of appeal, *see* Fed.R.App.P. 3(c) (requiring that a notice of appeal "designate the judgment, order, or part thereof appealed from"), nor secured a Rule 54(b) certification of that ruling. We need not determine whether we have jurisdiction to review the ruling despite these inadequacies, however, because plaintiffs abandoned their challenge to the ruling by failing to argue it in their opening briefs on appeal. *See, e.g., Resolution Trust Corp. v. Federal Sav. & Loan Ins. Corp.*, 25 F.3d 1493, 1506–07 (10th Cir.1994) ("Generally, issues not pursued in the brief-in-chief are deemed abandoned and waived...."). We turn, then, to the district court's rulings on the motions of the Oklahoma Court defendants and the OIDS defendants.

1. The motion to dismiss of the Oklahoma Court of Criminal Appeals and the individual judges.

The Oklahoma Court defendants moved to dismiss plaintiffs' claims against them on several grounds. First, they argued that neither the court nor the individual judges were proper parties to the habeas claims, because they were not plaintiffs' custodians. As to plaintiffs' civil rights claims, the court contended that it was not a person within the meaning of 42 U.S.C. § 1983 and, therefore, was not amenable to suit under that statute. The judges, in turn, contended that they were absolutely immune from any claims for money damages. They also argued that because all the briefs had been filed on behalf of plaintiffs in the criminal appeals then pending before the court, plaintiffs' request that the judges be enjoined from granting any extensions of time to the OIDS in those cases was moot. Finally, the judges contended that plaintiffs had no standing to obtain an injunction limiting the judges' ability to grant extensions of time to the OIDS in future cases before the court.

Plaintiffs spent the bulk of their response to the motion arguing generally that the Oklahoma Court defendants were proper parties to the habeas and civil rights claims. Plaintiffs did not address either the court's argument that it was not a "person" within the meaning of § 1983, or the judges' arguments that plaintiffs' claims for injunctive relief were subject to dismissal on mootness and standing grounds. Plaintiffs made only a cursory response to the judges' claim of absolute immunity on the damages claims, stating in conclusory fashion that whether the judges' actions were within the scope of their immunity was a factual issue that could not be decided on a motion to dismiss.

■ "[T]he sufficiency of a complaint is a question of law which we review *de novo*. Accordingly, we apply the same scrutiny to the complaint as did the trial court." *Ayala v. Joy Mfg. Co.*, 877 F.2d 846, 847 (10th Cir.1989) (citations omitted). The only basis for dismissing plaintiffs' claims against the Oklahoma Court defendants that the district court cited in its order was the doctrine of absolute immunity. While absolute immunity would shield the judges from liability in their individual capacities, it would not shield them from claims for prospective relief. *See Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984). Nonetheless, we may affirm the district court on any ground for which we find conclusive legal support in the record. *United States v. Sandoval*, 29 F.3d 537, 542 n. 6 (10th Cir. 1994).

■ To the extent plaintiffs sought relief against the Oklahoma Court of Criminal Appeals itself, the district court properly dismissed plaintiffs' civil rights claims. Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment

2. Plaintiff Anthony Harris filed a pro se notice of appeal from the district court's rulings, which was docketed as No. 94–5038. Shortly thereafter, counsel filed a notice of appeal on behalf of all plaintiffs, which was docketed as No. 94–5039. We have consolidated these two appeals for review.

purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Accordingly, this and other circuit courts have held that a state court is not a "person" under § 1983. *See, e.g., Coopersmith v. Supreme Ct. of Colo.,* 465 F.2d 993, 994 (10th Cir.1972); *Mumford v. Zieba,* 4 F.3d 429, 435 (6th Cir.1993); *Clark v. Clark,* 984 F.2d 272, 273 (8th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993).

■ Likewise, the judges in their official capacities were not persons under § 1983, except to the extent plaintiffs sued them for prospective injunctive relief. *See Will,* 491 U.S. at 71 & n. 10, 109 S.Ct. at 2312 & n. 10. Therefore, the district court did not err in dismissing the damages claims against the judges in their official capacities.

■ The district court also properly dismissed plaintiffs' claims against the Oklahoma Court defendants to the extent plaintiffs sought habeas relief. In response to the motion to dismiss, plaintiffs contended not only that the Oklahoma Court defendants were proper parties to their habeas claims, but that plaintiffs could secure prospective relief from these defendants on their civil rights claims in the form of either release or a new trial if the state court did not decide their appeals within a specified period of time.

The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian. *See* 28 U.S.C. § 2243; *Braden v. 30th Judicial Circuit Ct. of Ky.,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); *Galaviz–Medina v. Wooten,* 27 F.3d 487, 493 (10th Cir.1994) (noting "statutory requirement that the writ for habeas corpus issue only against the person or agency having current custody of the detainee"), *cert. denied,* — U.S. —, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995). Because neither the Oklahoma court nor its judges were plaintiffs' custodians, they were not proper parties

to a habeas action and the district court did not err in dismissing plaintiffs' habeas claims against them. *See Blango v. Thornburgh,* 942 F.2d 1487, 1491–92 (10th Cir.1991); *Mackey v. Gonzalez,* 662 F.2d 712, 713 (11th Cir.1981). Likewise, because habeas relief is not available under § 1983, *see Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973), the district court did not err in dismissing plaintiffs' § 1983 claims against the Oklahoma Court defendants to the extent they sought habeas relief.

■ We turn, then, to plaintiffs' remaining claims against the judges, beginning with their claims for damages against the judges in their individual capacities. On appeal, plaintiffs argue that the judges' actions fell outside the scope of absolute immunity either because they were administrative, rather than judicial, or because they were taken in the absence of jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 287–88, 116 L.Ed.2d 9 (1991). Plaintiffs did not raise either of these arguments in the district court, however, or allege in their complaint the facts they now assert in support of these arguments. Rather, the allegations of the complaint related solely to the judges' actions in granting allegedly excessive extensions of time to the OIDS in cases then pending before the court and in taking too long to issue decisions in those cases once they were fully briefed. Because such actions clearly constituted judicial acts performed within cases properly before the judges, *see id.* at 12–13, 112 S.Ct. at 288–89, the district court properly dismissed plaintiffs' damages claims against the judges on the basis of absolute immunity.

■ Only two requests for injunctive relief in the complaint specifically mentioned the Oklahoma Court defendants. The first sought to enjoin "the Oklahoma Court of Criminal Appeals and any judges thereon from granting a continuance or extension of time, or a series of continuances or extensions which taken together exceed thirty (30) days in any [OIDS] case not presently before that Court." R., Doc. 52 at 25. The second sought to enjoin "those judges from granting

any continuances or extensions of time in any [OIDS] cases presently pending before that Court." *Id.* On appeal, plaintiffs contend that the district court erred in dismissing their claims for injunctive relief against the judges because plaintiffs are entitled to a host of other forms of prospective relief. Because plaintiffs did not raise these issues in the district court, we will not consider them on appeal. *See, e.g., Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 720–21 (10th Cir.1993). Instead, we will limit our review to the requests for prospective relief that plaintiffs did raise in the district court.

Shortly before the Oklahoma Court defendants moved to dismiss plaintiffs' claims, plaintiffs' counsel conceded that the request for an injunction prohibiting the issuance of any further extensions to the OIDS in cases then pending in the state court was moot because briefs had been filed on behalf of plaintiffs in all but one of the cases. Based on counsel's concession, the district court denied a separate motion for preliminary injunction as moot. Plaintiffs have not appealed this ruling, and they appear to concede on appeal that this particular claim for injunctive relief was moot at the time the district court granted the motion to dismiss. Therefore, we conclude that the district court did not err in dismissing plaintiffs' claims to the extent they sought to enjoin the judges from granting further extensions to the OIDS in cases then pending before the court.

■ Plaintiffs' second claim for injunctive relief against the judges sought to limit their ability to grant extensions of time to the OIDS in future cases. The judges argued in the district court that plaintiffs did not have standing to pursue this claim because they had not alleged that they were likely to be subject to the judges' allegedly unconstitutional conduct in the future.

"Article III requires that a litigant have standing to bring a federal claim.... To demonstrate standing, a plaintiff must allege actual or threatened personal injury, fairly

traceable to the defendant's unlawful conduct and likely to be redressed by a favorable decision of the court." *Foremaster v. City of St. George,* 882 F.2d 1485, 1487 (10th Cir. 1989), *cert. denied,* 495 U.S. 910, 110 S.Ct. 1937, 109 L.Ed.2d 300 (1990). "The injury must be distinct and palpable, as opposed to abstract, conjectural, or merely hypothetical." *Doyle v. Oklahoma Bar Ass'n,* 998 F.2d 1559, 1566 (10th Cir.1993) (citations and quotations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 676–77, 38 L.Ed.2d 674 (1974). In order to secure injunctive relief relating to future appeals, plaintiffs had to show that they were "realistically threatened by a repetition" of the past alleged unconstitutional conduct. *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983).

When considering a motion to dismiss for lack of standing, we must "construe all material allegations of the complaint as true." *Riggs v. City of Albuquerque,* 916 F.2d 582, 586 (10th Cir.1990), *cert. denied,* 499 U.S. 976, 111 S.Ct. 1623, 113 L.Ed.2d 720 (1991). Plaintiffs' complaint alleged that each plaintiff had been convicted of one or more felonies, that each had appealed those convictions to the Oklahoma Court of Criminal Appeals, and that each had suffered delay in the disposition of his or her appeal. The complaint further alleged that the delay was attributable, in whole or in part, to the judges' grant of unreasonable and inordinate extensions of time to the OIDS to file briefs on behalf of plaintiffs. Plaintiffs did not allege any facts demonstrating a realistic threat that they would be victims of unreasonable grants of extensions of time in future appeals.[3]

In their reply brief on appeal, plaintiffs assert for the first time facts which they contend show a likelihood of future exposure

---

3. Nor did plaintiffs allege any such facts in response to defendants' motion to dismiss. If plaintiffs had alleged sufficient facts in response to the motion to dismiss, they might have been able to amend their complaint to cure the stand-

ing problem. *See Hall v. Bellmon,* 935 F.2d 1106, 1109–10 (10th Cir.1991). Plaintiffs, however, failed to make any showing in the district court that they had standing to pursue this claim for prospective relief.

to the judges' allegedly unconstitutional conduct. We need not consider "allegations newly made by [plaintiffs] on appeal, [however], since it is only the sufficiency of the complaint which is being reviewed." *Doyle,* 998 F.2d at 1566. Because plaintiffs' complaint failed to allege facts that, if taken as true, would establish a realistic threat of future exposure to the judges' allegedly unconstitutional grant of unreasonable extensions to the OIDS, the district court did not err in dismissing plaintiffs' claims to the extent they sought an injunction limiting the ability of the judges to grant extensions of time to the OIDS in future cases before the court.

2. The motion for summary judgment of the OIDS defendants.

The district court granted the OIDS defendants' motion for summary judgment on several grounds. The district court first concluded that the OIDS itself was a state agency and, therefore, was entitled to Eleventh Amendment immunity on the damage claims. The court further concluded that although the individual board members were state actors, the Eleventh Amendment barred the damage claims asserted against them in their official capacities, and qualified immunity barred the claims asserted against them in their individual capacities. The court reached the same conclusions about defendants Patti Palmer and E. Alvin Schay[4] to the extent they performed administrative duties for the OIDS. To the extent Palmer and Schay acted as counsel for plaintiffs in the state criminal proceedings, the court concluded that they had no § 1983 liability because they did not act under color of state law. Finally, the court held that plaintiffs' claims for injunctive relief against all the OIDS defendants were moot because all the appellate briefs had been filed on behalf of plaintiffs.

On appeal, plaintiffs do not challenge the court's conclusions regarding Eleventh Amendment immunity. They do argue, however, that the court erred in granting the individual defendants qualified immunity, in concluding that Palmer and Schay did not act under color of state law in their capacities as defense counsel for plaintiffs, and in concluding that the claims for injunctive relief were moot.

We review the grant of summary judgment de novo, applying the same standard as the district court under Fed.R.Civ.P. 56(c). *See James v. Sears, Roebuck & Co.,* 21 F.3d 989, 997–98 (10th Cir.1994). Once the moving party shows that it is entitled to summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).

■ Motions for summary judgment based on qualified immunity are reviewed somewhat differently than other types of summary judgment motions. *Romero v. Fay,* 45 F.3d 1472, 1475 (10th Cir.1995). The district court must " 'first determine whether plaintiff's allegations, if true, state a claim for a violation of a constitutional right that was clearly established when defendant acted.' " *Id.* (quoting *Bisbee v. Bey,* 39 F.3d 1096, 1100 (10th Cir.1994)).

[T]he plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. Rather, the plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity, and demonstrate a substantial correspondence between the conduct in question and prior law ... es-

---

**4.** Patti Palmer served in various attorney positions with the Appellate Public Defender System, the predecessor to the OIDS, from 1980 to 1991. In August 1991, Palmer became the Executive Director of the OIDS. This position was administrative until July 1992, when the Oklahoma legislature reassigned the client representation responsibilities previously held by the Appellate Indigent Defender to the Executive Director.

E. Alvin Schay was the Appellate Public Defender from 1982 to 1991, and the Appellate Indigent Defender during 1991 and 1992. In these capacities, he served as court-appointed counsel to all clients of the OIDS and also performed administrative duties.

tablishing that the defendant's actions were clearly prohibited. Unless such a showing is made, the defendant prevails.

*Id.* (citations and quotations omitted).

■ We begin our analysis with plaintiffs' claims for damages. The board members asserted that they were qualifiedly immune from liability for two reasons. First, they argued that they were not vicariously liable for the actions of the attorneys working for the OIDS, and that they, themselves, had not promulgated or enforced any policies that caused the deprivation of plaintiffs' constitutional rights. Second, they argued that the law was not clearly established that the actions alleged in the complaint would violate plaintiffs' Fourteenth Amendment rights to due process and equal protection, or their Sixth Amendment right to effective assistance of counsel.

Plaintiffs' response to defendants arguments generally identified the policies that plaintiffs contended violated their constitutional rights, but it did not articulate the clearly established constitutional rights with specificity, or establish that defendants' actions were clearly prohibited at the time they were taken.[5] *See id.* Because plaintiffs failed to make the necessary showing in the district court to defeat defendants' claim of qualified immunity, the district court properly granted summary judgment to the individual board members.

■ Defendants Palmer and Schay contended that to the extent they served as administrators for the OIDS, they were entitled to qualified immunity on the same grounds as the individual board members. The district court agreed. Although plaintiffs argue on appeal that the district court erred in granting qualified immunity to any of the individual OIDS defendants, they do not contend that Palmer and Schay should be viewed any differently than the board mem-

bers, to the extent Palmer and Schay performed administrative functions. Therefore, we uphold the district court's grant of qualified immunity to Palmer and Schay in their administrative capacities for the same reasons we upheld the district court's ruling as to the board members.

■ Plaintiffs' claims against Palmer and Schay in their capacities as appointed defense counsel for plaintiffs in the state court proceedings raise concerns other than qualified immunity. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2554–55, 101 L.Ed.2d 40 (1988). In *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."

Defendants Palmer and Schay argued, and the district court concluded, that their actions in requesting and securing extensions of time to file briefs on plaintiffs' behalf, even if those extensions were inordinate and unreasonable and ultimately deprived their clients of constitutional rights, were traditional lawyer functions. Plaintiffs, in turn, argued that because Palmer and Schay permitted hundreds of appeals to remain unbriefed and made wholesale requests for inordinate extensions of time without considering whether their clients desired such extensions, they were not performing traditional lawyer functions.[6]

In *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the Supreme Court held that "even though the defective performance of defense counsel may cause the trial process to deprive an

---

5. On appeal, plaintiffs advance new arguments that they contend show that the law was clearly established and that defendants' actions violated that law. Because plaintiffs did not raise these arguments in the district court, we will not consider them on appeal. *See, e.g., Lyons,* 994 F.2d at 720–21.

6. Once again, plaintiffs advance new arguments on appeal as to why defendants' actions did not constitute traditional lawyer functions and why defendants' actions could otherwise be deemed to have been taken under color of state law. As before, we decline to consider these arguments that were not raised in the district court. *See, e.g., Lyons,* 994 F.2d at 720–21.

**910**

accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Id.* at 329 n. 6, 103 S.Ct. at 1112 n. 6 (citation omitted). Thus, even if counsel performs what would otherwise be a traditional lawyer function, such as filing an appellate brief on his or her client's behalf, so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law. Therefore, plaintiffs failed to state a claim under § 1983 against Palmer and Schay in their capacities as defense counsel to plaintiffs.

 Finally, we consider plaintiffs' claims for injunctive relief against the OIDS defendants. The complaint sought to enjoin the OIDS defendants "from requesting continuances or extensions for the filing of appellate briefs for Plaintiffs or others similarly situated," "from rendering or causing to be rendered anything less than the timely and effective assistance of counsel to the clients of [OIDS]," and from "using a system of private lawyers to represent Plaintiffs and other similarly situated persons to avoid the orders and judgments directed toward Defendants." R., Doc. 52 at 26. At the time the OIDS defendants filed their motion for summary judgment, all but one brief had been filed on behalf of plaintiffs in their pending appeals. The OIDS had achieved this difficult task by contracting out hundreds of cases to private counsel. Under the circumstances, the OIDS defendants argued that the requests for injunctive relief were moot, and that plaintiffs' counsel had conceded this fact at a hearing on April 9, 1993.

On appeal, plaintiffs' present counsel argues that although all the briefs had been filed, the injunctive claims were not moot because some of the plaintiffs—such as those who were granted a new trial—are likely to be represented by the OIDS in the future, and they may experience briefing delays in those appeals. As we mentioned earlier, however, the factual allegations of plaintiffs' complaint did not relate to future appeals,

only to appeals then pending in state court. Further, the record reflects that not only did plaintiffs fail to make the present argument in the district court, they failed to address the mootness issue at all in responding to the summary judgment motion. Under the circumstances, the district court properly concluded that plaintiffs' claims for injunctive relief were moot and properly entered summary judgment in favor of the OIDS defendants on those claims.

To the extent plaintiff Anthony Harris's pro se brief in appeal No. 94–5038 raises arguments different than those urged by plaintiffs' counsel in appeal No. 94–5039, we have considered Harris's arguments and do not find them to be persuasive. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.