64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Preston Thomas LOWE, Plaintiff-Appellant
v.
David JOYCE, Defendant-Appellee.
 No. 95-1248.
 United States Court of Appeals,
 Tenth Circuit.
 Aug. 21, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Preston Thomas Lowe (Lowe), having been granted leave to proceed in forma pauperis, appeals the district court's order dismissing his pro se civil rights action as legally frivolous pursuant to 28 U.S.C.1915(d).
 
 
 3
 Lowe is currently in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility, Crowley, Colorado. He initiated this action by filing pro se a civil rights complaint pursuant to 42 U.S.C.1983 alleging that David Joyce, his public defender in state court, had violated his rights under the United States Constitution by failing to represent him to the best of his abilities. The district court dismissed Lowe's claim.
 
 
 4
 On appeal, Lowe challenges the district court's dismissal of his claim arguing, inter alia, violation of due process and equal protection.
 
 
 5
 Under 42 U.S.C.1983, a plaintiff must allege that the defendant deprived him of a right secured by the Constitution or laws of the United States while the defendant acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Furnace v. Oklahoma Corp. Comm'n, 51 F.3d 932, 936 (10th Cir.1995). Public Defenders, whether court appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding, are not deemed to act under color of state law; such attorneys represent their client only, not the state, and are not subject to suit in a 42 U.S.C.1983 action. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Harris v. Champion, 51 F.3d 901, 910 (10th Cir.1995).
 
 
 6
 Therefore, we AFFIRM substantially for the reasons set forth in the district court's order of May 25, 1995.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470