**Fred W. PHELPS, Sr., Plaintiff,**

**v.**

**Joan HAMILTON, in her official capacity as District Attorney, Defendant.**

No. 93–4042–KHV.

United States District Court, D. Kansas.

June 27, 1996.

Memorandum Denying Reconsideration July 12, 1996.

**374**

Elizabeth M. Phelps, Jonathan B. Phelps, Phelps Chartered, Topeka, KS, Margie J. Phelps, Topeka, KS, for Fred W. Phelps, Sr. and Edward F. Engel.

Deanne W. Hay, Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, Carol R. Bonebrake, Office of City Attorney, City of Topeka, Topeka, KS, Sharon K. Euler, Office of City Attorney, Kansas City, MO, for Joan Hamilton.

## *MEMORANDUM AND ORDER*

VRATIL, District Judge.

The Court now considers defendant's *Motion To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted* (Doc. # 81) filed January 15, 1996.[1] On February 26, 1993, plaintiff Fred W. Phelps, Sr., initiated this suit against Joan Hamilton in her official capacity as District Attorney for the Third Judicial District in Topeka, Kansas. Phelps alleged (1) that the Kansas criminal defamation statute, K.S.A. § 21–4004, is facially overbroad and unconstitutional; and (2) that plaintiff is faced with a clear and present danger of bad faith prosecutions under K.S.A. § 21–4004, for the unlawful purpose of deterring his protected religious speech in violation of the First and Fourteenth Amendments. At the time plaintiff filed his complaint, two criminal defamation cases were pending against him in state court. Defendant later filed four additional defamation prosecutions against him.

On July 2, 1993, the Honorable Sam A. Crow sustained plaintiff's motion for summary judgement on the grounds, *inter alia,* that (1) under the bad faith exception to the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the fact that state criminal proceedings were pending did not require the court to abstain from deciding plaintiff's constitutional claim; and (2) K.S.A. § 21–4004 was unconstitutional on its face. On July 11, 1995, the Tenth Circuit reversed both holdings. It found (1) that the district court had improperly failed to make plaintiff prove bad faith; and (2) that K.S.A. § 21–4004 was facially valid. The Tenth Circuit remanded for further proceedings to determine whether abstention was appropriate, *i.e.* whether the pending criminal charges had been brought in bad faith.

After remand, the parties stipulated in open court that defendant had dismissed all criminal defamation charges against plaintiff and that the statute of limitations had expired, thereby preventing further prosecution based on the events in question. Although the dismissals occurred during the pendency of the Tenth Circuit appeal,[2] and although they potentially mooted the issues on appeal, neither party deigned to notify the court of appeals of that development. It provides a critical backdrop, however, against which the Court evaluates the pending motion. No defamation prosecutions are currently pending and the only remaining issue involves the threat of future unlawful prosecution.

---

**1.** Because defendant makes her motion after the pleadings have been closed, her motion is one for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

**2.** Also while the appeal was pending, the Kansas Legislature amended K.S.A. § 21–4004 to specifically require a finding of actual malice, thus eliminating the constitutional deficiency which Judge Crow had pinpointed in his opinion of July 2, 1993.

■ A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6). *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir.1992). When considering a motion to dismiss for lack of standing, the Court must construe all well-pleaded facts, as distinguished from conclusory allegations, as true. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The Court will not dismiss a complaint, however, unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claims which would entitle him to relief. *Mock*, 971 F.2d at 529.

■ Defendant argues that plaintiff lacks standing. To demonstrate standing, plaintiff must allege (1) actual or threatened personal injury which is (2) fairly traceable to defendant's unlawful conduct and (3) likely to be redressed by a favorable decision. *Harris v. Champion*, 51 F.3d 901, 907 (10th Cir.1995). Defendant contends that plaintiff has failed to meet the first and third requirements. Specifically, defendant asserts that plaintiff lacks standing because (1) all state criminal defamation charges have been dismissed and cannot be re-filed; and (2) plaintiff's claim is not redressable by a favorable decision by this Court.[3]

## 1. Actual Or Threatened Injury

■ Because plaintiff seeks only prospective relief, he must show that he is realistically threatened by repetition of the past allegedly unconstitutional conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983). "The injury must be distinct and palpable, as op-posed to abstract, conjectural, or merely hypothetical." *Harris*, 51 F.3d at 907 (quoting *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir.1993)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974).

Plaintiff alleges that he has standing because (1) he has been prosecuted under the Kansas criminal defamation statute in the past; (2) the activity which caused the past prosecutions is ongoing; and (3) defendant has specifically indicated an intent to prosecute, both by affirmative statements and by failure to disavow her prior intent to prosecute. *Pretrial Order* p. 9. Clearly, the allegation that plaintiff has been prosecuted in the past is insufficient by itself to establish standing for prospective relief. *See O'Shea*, 414 U.S. at 495–96, 94 S.Ct. at 675–76; *Lyons*, 461 U.S. at 104–105, 103 S.Ct. at 1666–67; *Riggs v. City of Albuquerque*, 916 F.2d 582, 586 (10th Cir.1990), *cert. denied*, 499 U.S. 976, 111 S.Ct. 1623, 113 L.Ed.2d 720 (1991). Moreover, plaintiff's allegation that he continues to engage in the activity which caused the past prosecutions, and that defendant has expressed an intent to prosecute, does not demonstrate a realistic and palpable threat of misconduct on her part.

Plaintiff's simple assertion is that (1) defendant selectively prosecuted him in the past; (2) defendant says she will prosecute him again; and (3) the threat of selective prosecution in the future is therefore realistic and immediate.[4] Putting to one side the

---

3. Defendant also argues that plaintiff's claim is barred by the Eleventh Amendment. The Court does not reach this issue, however, because it finds that plaintiff lacks standing for the reasons cited by defendant.

4. As to his current conduct and future events, it is important to note what plaintiff does not allege. Plaintiff does not allege that he intends to violate any criminal defamation statute in the future; that defendant threatens to prosecute him without regard to his guilt or innocence; that he suffers any present adverse effects on account of the past prosecutions; or that he suffers any present adverse effects from the threat of future prosecution. Plaintiff does not claim, for example, that defendant—whatever her secret or expressed intentions may be—has succeeded in chilling the exercise of plaintiff's constitutional rights. Also, plaintiff does not claim that the criminal defamation statute, as amended, is unconstitutional. At bottom, we have a situation where plaintiff continues to engage in the activities which provoked the prior prosecutions, undeterred by either the filing of prior charges or the alleged prospect of new ones. Defendant, notwithstanding her rhetorical posture on the matter, has dismissed all prior charges and declined to bring new ones under the amended defamation statute which, as she now must understand, requires proof of actual malice.

conclusory allegation that threat of future prosecution is "real and present," the allegations of the pretrial order, even construed as true, do not demonstrate a realistic threat of unlawful prosecution. To infer that plaintiff faces a clear or present danger of unlawful prosecution would require sheer speculation that plaintiff will violate the criminal defamation statute in the future and that third persons will likewise do so, but that defendant for unconstitutional reasons will selectively prosecute only plaintiff. Plaintiff has failed to allege actual or threatened injury sufficient to confer jurisdiction to seek prospective relief. *See O'Shea*, 414 U.S. at 497–98, 94 S.Ct. at 676–77; *Lyons*, 461 U.S. at 105, 103 S.Ct. at 1666–67; *Harris*, 51 F.3d at 907.

## 2. Redressability

■ Even if plaintiff alleged distinct and palpable injury, as opposed to abstract and conjectural injury, he has not demonstrated an adequate basis for equitable relief. Plaintiff seeks an order enjoining defendant from prosecuting him under the Kansas criminal defamation statute for unconstitutional reasons, *i.e.*, motivation or intent to punish, suppress, and/or retaliate against protected religious speech.

■ Because plaintiff seeks to enjoin the activity of a state officer, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379, 96 S.Ct. 598, 608, 46 L.Ed.2d 561 (1976). In this context, equity principles militate heavily against granting injunctive relief, except in the most extraordinary circumstances. *Rizzo*, 423 U.S. at 379, 96 S.Ct. at 608; *O'Shea*, 414 U.S. at 499, 94 S.Ct. at 677–78 (need to properly balance concurrent operation of federal and state courts requires restraint against issuing injunctions against state officers engaged in the administration of the state's criminal laws in the absence of a showing of irrepara-

ble injury which is "both great and immediate.") (quoting *Younger*, 401 U.S. at 46, 91 S.Ct. at 751).

Other than a blanket order prohibiting defendant from filing any future criminal defamation suits against plaintiff, which plaintiff's allegations do not warrant, any form of injunctive relief to redress plaintiff's claim would require a case-by-case monitoring of defendant's state of mind—if and when she might file charges against plaintiff or decline to file charges against third persons under the criminal defamation statute. Any such order would necessarily require interruption of state proceedings to adjudicate assertions of noncompliance by defendant. As the Supreme Court noted in *O'Shea*, such relief would amount to an ongoing federal audit of state criminal proceedings prosecuted against plaintiff, and not prosecuted against third persons. Such result would indirectly accomplish the kind of interference that *Younger v. Harris, supra,* and related cases sought to prevent. *See O'Shea*, 414 U.S. at 500, 94 S.Ct. at 678. As a result, the alleged injury cannot be redressed by this Court. Plaintiff therefore lacks standing to proceed with this suit. *See Cleveland Surgi–Center, Inc. v. Jones*, 2 F.3d 686, 688 (6th Cir.1993), *cert. denied*, 510 U.S. 1046, 114 S.Ct. 696, 126 L.Ed.2d 663 (1994).

■ Defendant does not expressly argue ripeness as a grounds for dismissal, but that doctrine—which is closely related to the doctrine of standing—also informs our decision to dismiss. What makes a declaratory judgment a proper judicial resolution of a "case or controversy" rather than an advisory opinion, is the settling of some dispute that affects the *behavior* of defendant toward plaintiff. *Hewitt v. Helms*, 482 U.S. 755, 761, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987). While the Court does not doubt that the controversy between plaintiff and defendant is live and ongoing from a political and rhetorical point of view, plaintiff's burden is to

In short, plaintiff does not allege that he intends to violate the new statute; that defendant threatens to prosecute him without probable cause; or that the criminal defamation statute is unconstitutional on its face. Consequently, while the Court cannot precisely comprehend the

respect in which plaintiff claims that he might be "selectively" prosecuted, it finds that he has not demonstrated circumstances which suggest a "good chance" that defendant will unlawfully injure him in the future. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir.1991).

allege facts which demonstrate that judicial resolution of the dispute is properly invoked. *Renne v. Geary,* 501 U.S. 312, 317, 111 S.Ct. 2331, 2336–37, 115 L.Ed.2d 288 (1991). Plaintiffs complaint seeks to enjoin uncertain or contingent events that may not occur as anticipated, or indeed may not occur at all. Plaintiff does not allege that the conduct which he seeks to enjoin creates a "direct and immediate dilemma" for the parties, *cf. El Dia, Inc. v. Hernandez Colon,* 963 F.2d 488, 495 (1st Cir.1992), or otherwise has a direct and immediate effect on his exercise of First Amendment liberties. *Cf. New Mexicans For Bill Richardson v. Gonzales,* 64 F.3d 1495, 1499 (10th Cir.1995). Because plaintiff's challenge to K.S.A. § 21–4004 is to the *application* of that statute, it would necessarily require analysis of facts which are now unknowable and resort to relief which cannot be afforded without violating important principles of federalism. For these important reasons, plaintiff's complaint is properly dismissed.

**IT IS THEREFORE ORDERED** that defendant's *Motion To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted* (Doc. # 81) filed January 15, 1996, be and hereby is sustained.

**IT IS HEREBY FURTHER ORDERED** that any motions for fees and expenses under D.Kan.Rule 54.2 be filed by **July 19, 1996.** If the parties are unable to agree on an appropriate disposition of any such motions, the moving party by **August 19, 1996** shall file the statement of consultation required by D.Kan.Rule 54.2. Any opposition or response shall be filed by **September 3, 1996.**

*MEMORANDUM AND ORDER ON RECONSIDERATION*

The Court now considers plaintiff's *Motion For Reconsideration & Motion For Stay/Extension/Scheduling Re: Fee Motions* (Doc. # 116) filed July 5, 1996. Plaintiff seeks declaratory and injunctive relief, claiming that he is presently faced with a clear and present danger of bad faith criminal defamation prosecutions for the unlawful purpose of deterring his protected religious speech in violation of the First and Fourteenth Amendments. On June 27, 1996, the Court entered

an order sustaining defendant's motion to dismiss, finding that plaintiff lacked standing because he had not sufficiently alleged actual or threatened injury and that any such injury would not likely be redressed by a favorable decision. *See Memorandum and Order* (Doc. # 115) filed June 27, 1996.

Whether to grant a motion to reconsider is committed to the Court's sound discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). Reconsideration is proper when the Court has obviously misapprehended a party's position, the facts, or the applicable law, or when a party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). A party cannot use a motion to reconsider to raise arguments or evidence that should have been raised in the first instance or to re-hash arguments previously considered and rejected by the Court. *See All West Pet Supply Co. v. Hill's Pet Products Div., Colgate–Palmolive Co.,* 847 F.Supp. 858, 860 (D.Kan. 1994).

Plaintiff asserts that the Court's order is erroneous because it does not address plaintiff's claim of bad faith prosecution. Plaintiff argues that the Court addressed only plaintiff's claim for selective prosecution, and completely overlooked his claim of bad faith prosecution. Without citing any case law, plaintiff asserts that a selective prosecution claim is "remarkably different" from a claim for bad faith prosecution, and that his claim of bad faith prosecution merits different treatment than his selective prosecution claim.

The Court does not read the Pretrial Order as containing two wholly separate claims for relief. Rather, plaintiff's factual contentions and legal theories intertwine allegations of bad faith prosecution and selective prosecution, each evidencing the other and part and parcel of the same claim for relief. *See Pretrial Order,* pp. 3–10 (Doc. # 104) filed April 8, 1996. Based on our reading of the Pretrial Order, the Court's order of dismissal did not separately speak to each theory. Nevertheless, the Court is and was aware that plaintiff alleges bad faith prosecution as

a theory for relief, *see Memorandum and Order*, p. 1 (Doc. # 115) (plaintiff alleges that he is "faced with clear and present danger of bad faith prosecution"), and its analysis applies equally to plaintiff's claim of bad faith prosecution and plaintiff's claim of selective prosecution.

Plaintiff also asserts that the recent case of *United States v. Colorado Supreme Court*, 87 F.3d 1161 (10th Cir.1996), clarifies the law and demonstrates that the Court erroneously dismissed this case for lack of standing. The Court does not read *Colorado Supreme Court* as changing the law on standing in the Tenth Circuit, nor does it change our analysis in this case.

Finally, plaintiff asks the Court to continue the deadlines for motions regarding attorneys fees and to clarify or modify the schedule regarding fee motions to allow the parties to address liability first, before addressing the value of services provided. The Court believes that the latter request is well taken. The Court therefore will permit the parties to brief the issue of attorney fee liability before addressing the appropriate amount of such fees.

**IT THEREFORE ORDERED** that plaintiff's *Motion For Reconsideration & Motion For Stay/Extension/Scheduling Re: Fee Motions* (Doc. # 116) filed July 5, 1996, be and hereby is overruled.

**IT IS FURTHER ORDERED** that any motions to determine attorney fee liability be filed by **July 19, 1996.** Responses and replies shall be filed in accordance with D.Kan. Rule 7.1(b).

**IT IS SO ORDERED.**