UNITED STATES COURT OF APPEALS

**Filed 12/4/96**

TENTH CIRCUIT

---

CARLOS ABAD, )
                                     )
     Plaintiff-Appellant, )
                                       )           No. 96-1095
v. ) (D.C. No. 95-B-041)
                                       )         (D. Colo.)
ROBERT FURLONG; ENDRE SAMU, )
Lieutenant; LARRY NUTTER, Captain; )
CORRECTIONAL OFFICER )
WEAVER, in Their Individual and )
Personal Capacities, )
                                       )
     Defendants-Appellees. )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]      After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Carlos Abad, appearing pro se, appeals the district court's order granting Defendants' motion for summary judgment. Plaintiff filed this civil rights action under 42 U.S.C. §1983, alleging that Defendants (1) violated his rights to due process and equal protection in connection with a Colorado prison disciplinary hearing, (2) violated his rights to due process and equal protection by failing to provide him with procedural and substantive disciplinary protections, (3) deprived him of a state-protected liberty interest without due process, and (4) deprived him of a state-created liberty interest in visitation without due process and in violation of the equal protection clause.

The district court referred Plaintiff's complaint to a magistrate judge. The magistrate judge recommended that the district court grant Defendants' summary judgment motion on the ground that Plaintiff is not entitled to relief under Sandin v. Conner, 115 S. Ct. 2293 (1995) (holding that prisoners' protected liberty interests are limited to deprivations which impose atypical and significant hardships on inmates in relation to ordinary prison life). After reviewing the record de novo, the district court adopted the magistrate judge's recommendation.

Plaintiff suffered administrative segregation and loss of 30 days good time credit as a result of the disciplinary proceeding. These deprivations are not atypical and significant within the meaning of Sandin. Sandin, 115 S. Ct. at 2301; see also Templeman v. Gunter, 16 F.3d 367 (10th Cir. 1994). Likewise, Plaintiff's loss of prison employment and visitation rights, sanctions imposed apart from the disciplinary

proceedings, fail to provide a basis for a federal constitutional claim. <u>Templeman</u>, 16 F.3d at 370 (holding Colorado inmate had no protected interest in prison job); <u>Kentucky Dept. of Corrections v. Thompson</u>, 490 U.S. 454, 464-65 (1989) (holding prisoners did not have a liberty interest in visitation in the absence of a specific state law conferring such rights). Lastly, Plaintiff did not address his equal protection claims in his brief to this court and has consequently abandoned them. <u>See</u> <u>Harris v. Champion</u>, 51 F.3d 901, 905 (10th Cir. 1995).

After a full review of the record, the magistrate judge's recommendation, the district court's order, and the parties' briefs, we determine that the district court did not commit reversible error and affirm.

AFFIRMED.


Entered for the Court,


Bobby R. BALDOCK,
Circuit Judge

3