Francisco SOSA, Plaintiff–Appellant,

v.

Barry ALBIN, Defendant–Appellee.

No. 01–3102.

United States Court of Appeals,
Tenth Circuit.

Aug. 23, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT [*]

MURPHY, Circuit Judge.

After examining appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se* and *in forma pauperis*, Francisco Sosa appeals the district court's dismissal of the civil rights complaint he brought alleging causes of action under 42 U.S.C. §§ 1983 and 1985(3). Sosa contended that the defendant, his court-appointed attorney, forced him to enter a plea of *nolo contendere* to the criminal charges against him, thereby depriving him of his constitutional rights. Sosa also alleged that the defendant conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985(3). The district court concluded that Sosa had failed to state claims upon which relief may be granted and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A district court may dismiss *sua sponte* a *pro se* complaint for failure to state a claim when it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *See McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir.1991) (quotation and citations omitted). It is well-settled that "[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *see also Harris v. Champion*, 51 F.3d 901, 910 (10th Cir.1995). In addition, 42 U.S.C. § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). The district court based it's dismissal of Sosa's complaint on this controlling Supreme Court precedent.

In his notice of appeal, Sosa contends that he should have been given the opportunity to amend his complaint to correct any deficiencies. Sosa then purports to amend his complaint by deleting the allegation that the defendant was acting under of color of state law. Sosa also alleges several additional constitutional violations. Even if Sosa is permitted to amend his complaint as proposed, he cannot state a valid § 1983 claim against defendant. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) ("To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.")

The district court's order contains an extremely clear and concise explanation of controlling law. In light of that order, this court concludes that Sosa's appeal is frivolous and malicious. Accordingly, this court dismisses Sosa's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The district court's dismissal of Sosa's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). Our dismissal of Sosa's appeal also counts as a strike for purposes of 28 U.S.C. § 1915(g). Thus, Sosa has now accumulated two strikes under 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (1999). Sosa is hereby warned that if he accrues one more strike, he will be precluded from proceeding *in forma pauperis* in any further civil proceedings unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Sosa is further notified that despite this court's dismissal of his appeal, he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See id.* § 1915(b). Sosa's Motion to Appear in *Propria Persona* is construed as a request for oral argument and is denied.